No.  89-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MATTER OF H.F.

APPEAL FROM:  District Court of the Nineteenth Judicial District,
              In and for the County of Lincoln,
              The Honorable Robert Keller, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Amy Guth, Libby, Montana

        For Respondent:

        Marc Racicot, Attorney General
        James Yellowtal, Asst. Atty. General
        Scott Spencer, Lincoln County Attorney

                          Submitted on Briefs:  March 22, 1990

                                    Decided:  May 1, 1990

Filed:

                          _____
                                      Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The original opinion in this cause was dated April 10, 1990, and filed with the Clerk of the Supreme Court on that date. We have modified that original opinion. Our original opinion in this cause dated April 10, 1990 is hereby withdrawn.

This is an appeal from an order of the Youth Court of the Nineteenth Judicial District, Lincoln County, finding the appellant H.F., a delinquent youth and committing her to the custody of the Department of Family Services until she attains the age of nineteen. The Youth Court further ordered that H.F. be placed in a secure facility such as that afforded by Mountain View School for Girls. We affirm in part and reverse in part.

The issues on appeal are:

1. Did the Youth Court properly commit H.F. to the Department of Family Services?

2. Did the Youth Court err in ordering that H.F. be placed in a Youth Correctional Facility?

On July 7, 1989, H.F.'s mother filed a complaint charging H.F. with ungovernable behavior. In the complaint, H.F.'s mother alleged that H.F. abused drugs and alcohol, had run away on several occasions and had used a family vehicle without permission. On July 11, 1989, H.F. entered into a consent agreement, in which she agreed to abide by 13 separate rules of probation until November 11, 1989.

Following the execution of this agreement, H.F. violated

2

several of its conditions. As a result, she was charged with being a delinquent youth, and was committed to Mountain View School, a Youth Correctional Facility, for a 45 day evaluation. Following this 45 day evaluation, the Youth Court scheduled a dispositional hearing in order to determine what course of action should be taken to help H.F. overcome her problems.

After H.F. completed the evaluation she returned to her parents' home. Unfortunately, during the interval between her evaluation and the scheduled dispositional hearing, H.F. got into trouble by abusing alcohol and disobeying her parents. This course of conduct led her parents to report that H.F. was "totally out of control."

On October 25, 1989, the dispositional hearing was held and H.F. was adjudicated a delinquent youth. As a result she was committed to the custody of the Department of Family Services until age 19. The order of commitment specified that H.F. "shall be placed in a secure facility such as that afforded by Mountain View School for Girls." The net effect of that order was to commit the youth to the Mountan View School For Girls, the only female youth correctional facility. This appeal followed.

Section 41-5-103(13)(b), MCA, defines a delinquent youth as a youth

> who, having been placed on probation as a delinquent youth or a youth in need of supervision, violates any condition of [her] probation.

On July 11, 1989, H.F. was placed on probation after entering into a consent adjustment without petition. Further, it is

3

undisputed that H.F. violated the terms of her probation by failing to report to her probation officer, being disobedient to her parents and returning home past curfew. Therefore, in light of § 41-5-103(13)(b), MCA, H.F was properly adjudicated a delinquent youth.

Section 41-5-523(1), MCA, allows the Youth Court to commit a delinquent youth to the custody of the Department of Family Services if it finds that the youth is in need of placement in other than the youth's own home. After commitment, the Department must determine the appropriate placement for the youth. The Department's authority as to placement in the matter is not an issue on appeal.

In order for the court to commit a youth to a youth correctional facility the court must determine that the youth is a serious juvenile offender and that such placement is necessary for the protection of the public. Section 41-5-523(1)(b)(ii), MCA. A serious juvenile offender is defined as:

> a youth who has committed an offense against the person, an offense against property, or an offense involving dangerous drugs which would be considered a felony offense if committed by an adult. Section 41-5-103(24).

The Youth Court in this case did not find that H.F. was a serious juvenile offender and the initial violation or violations of her conditions of probation were not acts to bring her within the definition of a serious juvenile offender. The court therefore was without authority to commit H.F. to a youth correctional facility.

4

We hold that the Youth Court properly found H.F. was a delinquent youth and that she was properly committed to the custody of the Department. of Family Services. However, we reverse that portion of the Youth Court's order, which mandated that H.F. be placed in a secure facility such as Mountain View School for Girls.

Affirmed in part; reversed in part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5